Filed 8/27/20  P. v. Gutierrez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B306036 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA215904) |
| v. | |
| UBALDO MIO GUTIERREZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark S. Arnold, Judge.  Dismissed in part and affirmed in part.

Richard B. Lennon, under appointment by the Court of Appeal; and Ubaldo Mio Gutierrez, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

## I.

On April 2, 2001, Ki Song was shot in the leg and the back after an argument with the person who shot him.  Song was hospitalized for a month and underwent two surgeries.  (*People v. Gutierrez* (Aug. 29, 2003, B159433) [nonpub. opn.] (*Gutierrez*).)  Song identified appellant Ubaldo Mio Gutierrez as the shooter by selecting a photograph of Gutierrez from a six-person photographic display.  (*Ibid.*)  Another witness identified Gutierrez as the shooter in a field show-up.  (*Ibid.*)

In October 2001, a jury convicted Gutierrez of attempting to murder Song.  (Pen. Code, §§ 187, 664.)[1]  (*Gutierrez, supra,* B159433.)  The jury also found true allegations that he personally and intentionally discharged a firearm causing great bodily injury (§ 12022.53, subds. (b)–(d)), and personally inflicted great bodily injury (§ 12022.7, subd. (a)).  The court sentenced Gutierrez to prison for a term of 32 years to life.

In his direct appeal, Gutierrez challenged the sufficiency of the evidence based on alleged weaknesses in the evidence identifying him as the shooter.  In August 2003, we rejected the argument and affirmed the judgment.  (*Gutierrez, supra,* B159433.)[2]

On March 17, 2020, Gutierrez filed in the superior court a petition for resentencing under section 1170.95 and Senate Bill No. 620 (Stats. 2017, ch. 682, § 2, p. 5105) (the petition for resentencing).  On the same day, Gutierrez filed in the superior court a petition for writ of habeas corpus (the habeas petition).  The habeas petition was based in part on alleged new evidence of

---

[1] Subsequent statutory references are to the Penal Code.

[2] Gutierrez has also filed three habeas corpus petitions in this court—in 2005, 2011, and 2020—each of which we summarily denied.

a gunshot residue test indicating the absence of gunshot residue in a test kit pertaining to Gutierrez and the failure of Gutierrez's trial counsel to present the evidence.

On March 27, 2020, the trial court denied both the petition for resentencing and the habeas petition. Regarding the petition for resentencing, the court stated that Gutierrez was not entitled to relief under section 1170.95 "because he was the actual shooter"; and relief under Senate Bill No. 620 was not available "because his case is final."

Regarding the habeas petition, the court stated that "[a]n inconclusive [gunshot residue] test is not sufficient to overturn the verdict" and Gutierrez "has not demonstrated that his trial counsel was ineffective."

On April 21, 2020, Gutierrez filed a notice of appeal from the order denying his petition for resentencing and the order denying his habeas petition.

## II.

We appointed appellate counsel for Gutierrez, who filed a brief setting forth the pertinent procedural history and a summary of relevant facts, and raising no issues on appeal. Counsel requests that we "follow the procedures set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496." Counsel also notified Gutierrez that he would be filing a brief, that Gutierrez was entitled to file a supplemental brief with this court, and that counsel remained available to brief any issues upon our request. This court also notified Gutierrez that he may file a supplemental brief.

On August 11, 2020, Gutierrez filed a supplemental brief asserting numerous arguments, which we address below.

Because Gutierrez appeals from an order denying post-conviction relief, the procedural protections established in *People v. Wende* (1979) 25 Cal.3d 436 do not apply. (*People v. Cole*

3

(2020) ___ Cal.App.5th ___ [2020 WL 4435275] (*Cole*).) In *Cole*, Division Two of this court recently explained that in a criminal appeal from a post-conviction order to which *Wende* does not apply, counsel who find no arguable issues are required to "file a brief with the Court of Appeal setting forth (1) a brief statement of the pertinent procedural history of the case, (2) a brief summary of the pertinent facts, (3) counsel's declaration that there are no reasonably arguable issues to present on appeal, and (4) counsel's affirmation that he or she remains ready to brief any issues at the request of the Court of Appeal." (*Cole*, *supra*, ___ Cal.App.5th ___ [2020 WL 4435275 at p. *7].) Counsel in this case fulfilled these requirements.

When, as here, the appellant has filed a supplemental brief, he is entitled to our evaluation of the arguments presented in that brief. (See *Cole*, *supra*, ___ Cal.App.5th ___ [2020 WL 4435275 at p. *8]; cf. *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 6; *id.* at pp. 554–555 (dis. opn. of George, C. J.).) We now turn to those arguments.

## III.

### A.    *Petition for Resentencing Under Section 1170.95*

The court denied Gutierrez's petition for resentencing under section 1170.95 without appointing counsel or setting an evidentiary hearing because the record of conviction established that Gutierrez was "the actual shooter." Gutierrez contends this was error. We disagree and affirm the order.

Section 1170.95 was enacted in 2018 together with amendments to section 188 and 189 "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f), p. 6674.) Section 1170.95

4

allows those "convicted of felony murder or murder under a natural and probable consequences theory . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts." (§ 1170.95, subd. (a).)  In determining whether a petitioner has made a prima facie showing of eligibility under the statute, the court may consider the record of conviction, including the Court of Appeal's opinion in the petitioner's direct appeal.  (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 899, review granted Aug. 12, 2020, S263219; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137, review granted Mar. 18, 2020, S260598.)

Gutierrez is ineligible for relief under section 1170.95 for two reasons.  First, relief under section 1170.95 is not available when, as here, the petitioner was convicted of attempted murder, not murder.  (*People v. Medrano* (2019) 42 Cal.App.5th 1001, 1016-1018, review granted Mar. 11, 2020, S259948; *People v. Larios* (2019) 42 Cal.App.5th 956, 970, review granted Feb. 26, 2020, S259983; *People v. Munoz* (2019) 39 Cal.App.5th 738, 754, review granted Nov. 26, 2019, S258234; *People v. Lopez* (2019) 38 Cal.App.5th 1087, 1104–1105, review granted Nov. 13, 2019, S258175.)[3]

Second, even if the statute applies to attempted murderers, relief is not available to Gutierrez because the record of his conviction, including our 2003 opinion, establishes that he was not convicted based on the natural and probable consequences doctrine or on a felony murder theory; he was, as the court below stated, "the actual shooter."  (Cf. *People v. Tarkington, supra*, 49 Cal.App.5th at p. 899, review granted Aug. 12, 2020, S263219

---

[3] This question is pending before our Supreme Court. (*People v. Lopez, supra*, 38 Cal.App.5th 1087; Supreme Ct. Minutes, Nov. 13, 2019, p. 1623.)

[person who was actual killer is ineligible for relief under section 1170.95].)  Accordingly, the court did not err in denying Gutierrez's petition.

### B.  *Senate Bill No. 620*

When Gutierrez committed his crime and up until 2018, section 12022.53 required the trial court to impose a consecutive enhancement of 25 years to life if a jury found the defendant personally and intentionally discharged a firearm in committing attempted murder.  (Former § 12022.53, subds. (a)(1), (18), (d) & (h); Stats. 2000, ch. 287, § 23, p. 2544.)  The Legislature had expressly prohibited courts from exercising discretionary authority under "[s]ection 1385 or any other provision of law" to "strike an allegation under this section or a finding bringing a person within the provisions of this section."  (Former § 12022.53, subd. (h); see, e.g., *People v. Kim* (2011) 193 Cal.App.4th 1355, 1362–1363.)

In 2017, the Legislature enacted Senate Bill No. 620, which amended section 12022.53 to permit a trial court, "in the interest of justice pursuant to Section 1385 and at the time of sentencing, [to] strike or dismiss an enhancement otherwise required to be imposed by this section."  (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2, p. 5106.)  The grant of authority "applies to any resentencing that may occur pursuant to any other law."  (§ 12022.53, subd. (h).)

The amendment took effect in January 1, 2018, and applies in cases where the judgment is not yet final.  (See, e.g., *People v. Chavez* (2018) 22 Cal.App.5th 663, 712; *People v. Woods* (2018) 19 Cal.App.5th 1080, 1089–1091.)  The amendment, however, does not apply when, as here, the judgment was final before the law went into effect.  (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 135.)  Indeed, trial courts lack jurisdiction to grant relief under these circumstances and, therefore, an appeal from an order denying the relief must be dismissed.  (*People v. Hernandez* (2019)

34 Cal.App.5th 323, 326–327.) Accordingly, we dismiss Gutierrez's appeal to the extent it is from the court's order denying relief under Senate Bill No. 620.

### C.   *Challenges to Sentence Enhancement Under Section 12022.53, Subdivision (d)*

In his petition for resentencing, Gutierrez challenged the imposition of the personal firearm use enhancement under section 12022.53, subdivision (d). In particular, he contended: (1) The jury's true finding on the personal firearm use enhancement must be reversed because his assault was not committed against a police officer or firefighter; (2) Section 12022.53 violates the constitutional rights to equal protection and due process because it enhances the sentences of those who attempt murder but not attempted voluntary manslaughter or assault with a deadly weapon; and (3) Under *Apprendi v. New Jersey* (2000) 530 U.S. 466 and *Blakely v. Washington* (2004) 542 U.S. 296, the enhancement violates proscriptions against double jeopardy and "double punishments," and violates the "*Ireland* merger doctrine."[4] Gutierrez repeats these arguments on appeal.

It is unclear from Gutierrez's petition or his supplemental brief on appeal whether he asserted these arguments in support of his petition to have the trial court strike the enhancement under Senate Bill No. 620 or he is asserting that the enhancement constitutes an illegal sentence that must be stricken regardless of Senate Bill No. 620. To the extent the arguments are offered to support the trial court's discretion under Senate Bill No. 620, they are now moot in light of our conclusion in the preceding section.

To the extent the arguments are offered as independent grounds for striking the enhancement, they were asserted below

---

[4] See *People v. Ireland* (1969) 70 Cal.2d 522.

7

without a valid statutory basis for trial court jurisdiction and Gutierrez has not shown that nonstatutory grounds for motions to vacate or correct a judgment—such as, the judgment is void due to a jurisdictional defect in its rendition or the sentence is unauthorized—apply here. (See generally *People v. Thomas* (1959) 52 Cal.2d 521, 527; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980–982.) The absence of a jurisdictional basis in the trial court renders the appeal subject to dismissal. (See *People v. Chlad* (1992) 6 Cal.App.4th 1719, 1726.)

Even if Gutierrez's arguments are cognizable in this appeal, they are without merit. He contends that the enhancement under section 12022.53, subdivision (d) must be reversed because he did not commit assault against a police officer or firefighter. It is true that in cases of assault, the enhancement is applied only under certain circumstances, including assault against a police officer or firefighter. (§ 12022.53, subd. (a)(7).) Gutierrez, however, was not convicted of assault; he was convicted of attempted murder. The enhancement applies to any person who is convicted of a felony specified in subdivision (a) of section 12022.53, and that subdivision includes attempted murder. (§ 12022.53, subd. (a)(1) & (18).) The enhancement thus applies to Gutierrez's conviction.

Gutierrez further contends that section 12022.53 violates his constitutional right to equal protection of the law because it enhances the sentences of those who attempt murder but not attempted voluntary manslaughter or assault with a deadly weapon. The argument could have been raised on direct appeal and, for that reason, cannot be asserted by subsequent motion on or appeal from the denial of that motion. (See *People v. Thomas*, *supra*, 52 Cal.2d at p. 527.) Moreover, contrary to Gutierrez's assertion, the "strict scrutiny standard [for evaluating equal protection arguments] does not apply because section 12022.53,

8

subdivision (d) 'targets no identifiable suspect class, nor impinges upon any identifiable fundamental right. It merely increases a penalty.' " (*People v. Vallejo* (2013) 214 Cal.App.4th 1033, 1044, fn. 4.) Under the applicable rational relationship standard, the Legislature could rationally decide to punish attempted murder more severely than voluntary manslaughter or assault with a deadly weapon.

Gutierrez further contends that the imposition of the sentence enhancement in his case violates the principles established in *Apprendi v. New Jersey, supra,* 530 U.S. 466 and *Blakely v. Washington, supra,* 542 U.S. 296. These cases stand for the proposition that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." (*Apprendi v. New Jersey*, *supra*, 530 U.S. at p. 490; *Blakely v. Washington*, *supra*, 542 U.S. at p. 301.) This principle was satisfied in this case because the facts required to establish the enhancement were expressly found by the jury beyond a reasonable doubt.

Gutierrez argues that the sentence enhancement under section 12022.53, subdivision (d), violates the double jeopardy clauses of our state and federal constitutions. The argument is without merit because the enhancement does not constitute a separate crime. (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130; *Plascencia v. Alameida* (9th Cir. 2006) 467 F.3d 1190, 1204.) Nor does the statutory proscription against multiple punishments (§ 654) bar imposition of the sentence enhancement. (See *People v. Mixon* (1990) 225 Cal.App.3d 1471, 1486.)

Lastly, the so-called *Ireland* merger doctrine does not apply because that doctrine applies in cases involving second degree felony murder. (*People v. Chun* (2009) 45 Cal.4th 1172, 1200.) Gutierrez was not convicted on that theory.

### D. *Appeal From Denial of Habeas Petition*

Gutierrez's notice of appeal states that he is appealing from the trial court's denial of his habeas petition, as well as from the denial of his petition for resentencing.  As our Supreme Court recently explained, "in noncapital cases, if the superior court denies a petition for a writ of habeas corpus, the petitioner has no statutory right to appeal.  Instead, the petitioner must file a new, original petition, generally in the Court of Appeal." (*Robinson v. Lewis* (2020) 9 Cal.5th 883, 895; see also *In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7 ["no appeal lies from the denial of a petition for writ of habeas corpus"].)  We therefore dismiss the appeal to the extent the notice of appeal is from the order denying his habeas petition.

Although we may treat his appeal as the filing of a new habeas petition in this court (see *People v. Gallardo*, *supra*, 77 Cal.App.4th at p. 986), we need not take that step in this case because on April 30, 2020, nine days after filing his notice of appeal in this case, Gutierrez filed a habeas petition in this court on the same grounds asserted in his superior court habeas petition. We have denied that petition by separate order.  (*In re Ubaldo Gutierrez* (May 14, 2020, B305680) [summarily denying petition].)

## DISPOSITION

The order denying Gutierrez's petition for resentencing is affirmed.

The appeal from the denial of Gutierrez's petition for writ of habeas corpus is dismissed.

<u>NOT TO BE PUBLISHED</u>.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

SINANIAN, J.*

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.